# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLLAND HANLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILKINS,<br><br>　　　　　Defendants. | Case No.  1:22-cv-00404-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE FOR LACK OF PROSECUTION<br><br>(ECF Nos. 26, 28)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is Brandon Wilkins motion to dismiss this action for lack of prosecution.  (ECF No. 26.)  The Court, having reviewed the record, finds this matter suitable for decision without oral argument.  See Local Rule 230(g).  Having considered the moving and reply papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court issues the following findings and recommendations.

**I.**

**PROCEDURAL HISTORY**

Rolland Hanley ("Plaintiff"), a detainee at the Merced County jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Brandon Wilkins ("Defendant") on April 8, 2022.  (ECF No. 1.)  On this same date, the first information order in prisoner/civil detainee civil rights cases was filed and served on Plaintiff.  (ECF Nos. 3, 4.)

On April 15, 2022, a screening order issued finding Plaintiff's complaint failed to state a

cognizable claim and granting Plaintiff leave to file an amended complaint within thirty days. (ECF No. 5.) On May 12, 2022, Plaintiff filed a first amended complaint. (ECF No. 6.) On May 18, 2022, a second screening order was filed finding that Plaintiff had failed to state a cognizable claim and granting Plaintiff one final opportunity to file a second amended complaint. (ECF No. 7.)

On June 16, 2022, Plaintiff filed a second amended complaint. (ECF No. 8.) On August 4, 2022, an order issued finding service of the second amended complaint appropriate and authorizing service. (ECF No. 10.) On September 6, 2022, Plaintiff filed a motion for an extension of time to return service documents and filed a notice of change of address to the Department of State Hospitals-Napa. (ECF No. 12.) On September 7, 2022, an order issued granting the extension of time. (ECF No. 13.) Plaintiff filed a notice of submission of documents on September 27, 2022. (ECF Nos. 14.) On October 19, 2022, the informational order issued along with an order directing service by the United States Marshal. (ECF Nos. 15, 16.) On November 10, 2022, Plaintiff filed a consent/decline form. (ECF No. 17.)

On January 3, 2023, Plaintiff filed a change of address to the John Latorraca Correctional Facility, 2584 W. Sandy Mush Road, Merced, California 95341.[1] (ECF No. 18.) On April 13, 2022, Defendant filed an answer to the complaint. (ECF No. 20.)

On May 23, 2023, an order issued requiring the parties to file a joint scheduling report. (ECF No. 22.) On June 5, 2023, the order mailed to Plaintiff was returned as "Undeliverable, Not in Custody." On June 22, 2023, Defendant filed a scheduling report stating that several attempts had been made to contact Plaintiff, but all mail had been returned as undeliverable and Defendant believed that Plaintiff was no longer in custody. (ECF No. 23 at 1.)[2] On June 23,

---

[1] Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of information displayed on government websites where neither party disputes the accuracy of the information contained therein. Daniels –Hall v. National Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010). The Court takes judicial notice that the John Latorraca Correction Facility is located at this address. See John Latorraca Correctional Facility Info – Bail, Visiting, Contact located at https://www.shouselaw.com/ca/defense/jails/john-latorraca-correctional-facility/ (last visited Sept. 2, 2024.

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  2023, the scheduling order issued and was served on Plaintiff.  (ECF No. 24.)  On July 5, 2023,
2  the order was returned as "Undeliverable, Not in Custody."  On March 26, 2024, District Judge
3  Jennifer L. Thurston issued a standing order which was served on Plaintiff.

4  On July 26, 2024, Defendant filed the instant motion to dismiss for lack of prosecution.
5  (ECF No. 26.)  On August 16, 2024, the motion was referred to the undersigned for the
6  preparation of findings and recommendations.  (ECF No. 27.)  On August 30, 2024, Defendant
7  filed a reply.  (ECF No. 28.)

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure state, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  In considering whether to dismiss for lack of prosecution, the Court is to weigh the following factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

The Ninth Circuit has affirmed dismissal of an action where at least four of the factors support dismissal or the dismissal is strongly supported by at least three of the factors.  Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) superseded by statute on other grounds as recognized in Russel v. United States, Case No.: 21-cv-1029-LL-MDD, 2023 WL 2919319, at *3 (S.D. Cal. Apr. 12, 2023).  It is within the discretion of the court to dismiss for failure to prosecute.  Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996).  "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances."  Henderson, 779 F.2d at 1423.

///

# III.

# ANALYSIS AND DISCUSSION

Defendant moves to dismiss this action on the grounds that Plaintiff has failed to prosecute this action and has failed to comply with the Court's order that he keep his address updated. Defendant replies that Plaintiff failed to file an opposition which further serves to demonstrate his lack of interest in prosecuting this case.

### A. Failure to Comply with Court Order

Defendant moves to dismiss on the ground that Plaintiff has failed to comply with Local Rule 183(b) which requires a change of address form to be filed within 63 days of mail being returned. Defendant argues that it has been more than a year since Plaintiff's mail began being returned as undeliverable and not once during this time has Plaintiff filed or served a notice of change of address. (Motion to Dismiss with Prejudice for Failure to Prosecute Pursuant to Federal Rule of Civil Procedure 41(b) ("Mot.") 2, ECF No. 26-1.) Defendants also assert that on February 2, 2024, Plaintiff was served with written requests for discovery that were returned unopened and as undeliverable. Defendants also state that they have never received any communication from Plaintiff during this action. (Id. at 3.)

Pursuant to Local Rule 183(b), a party appearing *in propria persona* is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Here, Plaintiff's mail was initially returned on June 5, 2023. The Clerk also served mail on Plaintiff which was returned on July 5, 2023. More than sixty-three days have passed since Plaintiff's mail was first returned, and Plaintiff has not notified the Court of a current address.

Here, Plaintiff was served with a copy of the motion to dismiss for lack of prosecution which informed him of the requirements of Local Rule 230 that an opposition to the motion was

4

to be filed within twenty-one days of the date of service. (Notice of Motion 1, ECF No. 26.) Although Plaintiff's mail has previously been returned as undeliverable, Rule 182(f) provides,

> Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective.

Therefore, service of the motion on the current address of record is fully effective. Plaintiff has not filed an opposition to the instant motion.

The Court is unable to contact Plaintiff and there are no other reasonable alternatives available to address Plaintiff's failure to comply with the Local Rule. Therefore, the Court recommends that this action be dismissed for failure to prosecute.

**B.     Consideration of the Factors for Dismissal**

Defendants seek to dismiss this action with prejudice based on Plaintiff's failure to prosecute arguing that Plaintiff has made no attempt to litigate this action during the past year. (Mot. at 3.) Defendant contends that the first two factors weigh in favor of dismissal as this action has been active for more than a year and Plaintiff has made no attempts to participate in the case during this time. Defendant further asserts that the Court's time and resources could have been devoted to other litigants who are actually litigating their cases and, as the Court is aware, the Eastern District's docket is extremely heavy. (Id. at 4.)

Defendant argues that the third factor particularly favors dismissal as he has suffered significant prejudice by Plaintiff effectively abandoning his case. Defendant contends that Plaintiff's persistent noncompliance with keeping his address current has forced Defendant into a position where he is unable to obtain the discovery to which he is entitled. Defendant asserts that Plaintiff has completely stymied Defendant's ability to defendant against this lawsuit. (Id.)

Defendant asserts that the fourth and fifth factors also favor dismissal as Plaintiff has left the Court with no reason to believe that less drastic alternatives are available. Plaintiff was made aware early in the action that he was required to keep the Court apprised of his address and in fact demonstrated that he knew enough to comply because he did previously file two address changes early in the case. Defendant argues that despite having the ability to file a change of

address, Plaintiff has not informed the Court in over a year of his current address nor has Plaintiff provided any indication that he intends to ever participate in this case. (Id. at 4.)

As stated above, in determining whether to dismiss an action with prejudice, the Court is to consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440.

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. "The public's interest in expeditious resolution of litigation always weighs in favor of dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish, 191 F.3d at 990.) Given that Plaintiff has not made any attempt to participate in this action for over a year, this factor weighs in favor of dismissal.

Furthermore, the Eastern District of California is one of the busiest Courts in the nation and its dockets are extremely impacted. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." Pagtalunan, 291 F.3d at 642. The Court's time spent litigating this action could have been devoted to other cases on the docket in which the parties are actively litigating their action. The Court's need to manage its docket weighs in favor of dismissal.

Since it appears that Plaintiff does not intend to diligently litigate this action, a rebuttable presumption of prejudice to the defendant arises. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay. In re Eisen, 31 F.3d at 1453. However, since Plaintiff has not objected to the motion to dismiss, he has not rebutted the presumption of prejudice. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642 (quoting Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir.1987)). Defendant has served discovery and argues that he has been denied the ability to defend in this action due to Plaintiff's failure to

respond to discovery requests. The amount of delay in this case is not limited but is significant. It has been over a year since Plaintiff participated in the action. The Court finds that the prejudice to Defendant based on Plaintiff's failure to participate in this action threatens to interfere with the rightful decision in the case and therefore weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward and this action can proceed no further without Plaintiff's cooperation. Plaintiff was informed that he was required to keep the Court informed of his address at the beginning of this action. He initially notified the Court of his two prior address changes but has not informed the Court of his current address as of June 5, 2023. Further, pursuant to the Local Rules, Plaintiff was required to keep the Court updated with his most recent address within sixty-three days of mail being returned as undeliverable. It has been more than sixty-three days since Plaintiff's mail was returned as undeliverable and he has not provided the Clerk with an updated address. Therefore, there is no current address at which to contact Plaintiff. Plaintiff's failure to comply with the Local Rules hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action. This action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to keep the Court and Defendant informed of his current address and failure to litigate this action.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The first informational order filed April 8, 2022, informed Plaintiff that his failure to comply with the Local Rules would be grounds for the imposition of sanctions, including dismissal of the action. (ECF No. 3 at 1.) Further, the order notified Plaintiff of the requirement that he keep the Court and opposing party informed of his current address. (Id. at 3.) The order further informed Plaintiff that failure to update his address within sixty-three days of mail being returned would result in the action being dismissed for failure to prosecute. (Id.)

Additionally, the informational order filed on October 19, 2022, informed Plaintiff that his failure to comply with the Local Rules would "**be grounds for dismissal, entry of default or other appropriate sanctions.**" (ECF No. 15-1 at 1, 5 (emphasis in original).) The order also informed Plaintiff that he had an affirmative duty to keep the Court and opposing party informed of his current address. (Id. at 3.) Plaintiff was warned if his "**address is not updated within 60 days of [] mail being returned, the action will be dismissed for failure to prosecute.**" (Id. (emphasis in original).)

Finally, the order requiring the parties to file a joint status report stated that the failure to participate in the joint report may subject the offending party to sanctions. (ECF No. 22 at 2.) The order further stated, "**[s]hould counsel or a party appearing *pro se* fail to comply with the directions as set forth above, an *ex parte* hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.**" (Id. at 6.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## IV.

## CONCLUSION AND RECOMMENDATION

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail. Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available. See Carey, 856 F.2d at 1441.

In considering the factors to determine if this action should be dismissed with prejudice, the public's interest in expeditious resolution of litigation; the Court's need to manage its docket; the risk of prejudice to Defendant; and the availability of less drastic sanctions all favor dismissal. Additionally, Plaintiff's failure to comply indicates that he does not intend to diligently litigate this action. Since Plaintiff has failed to participate in this action in over a year and has failed to respond to discovery, the delay is significant and interferes with Defendant's ability to defend this action. While the incident alleged occurred in 2021, Plaintiff has not participated in this action for over a year and has not responded to Defendant's written discovery requests causing significant prejudice to Defendant's ability to defend in this action and causing

further delay. Plaintiff was warned of his responsibility to keep the Court and the opposing party informed of his current address and warned that the failure to do so would result in the issuance of sanctions, including dismissal of the action.

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) be GRANTED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, the parties may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **September 3, 2024**

_____
UNITED STATES MAGISTRATE JUDGE