UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLLAND HANLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WILKENS,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-0404 JLT SAB<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PROSECUTION, DISMISSING THE ACTION WITH PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 26, 29) |

Rolland Hanley initiated this action while a detainee at the Merced County Jail, seeking to hold Officer Wilkens liable for excessive force in violation of his civil rights pursuant to 42 U.S.C. § 1983. (*See generally* Doc. 8.) Defendant moved to dismiss the action for lack of prosecution pursuant to Rule 41 of the Federal Rules of Civil Procedure and Local Rule 183(b). (Doc. 26.) Plaintiff did not oppose, or otherwise respond to, the motion.

The magistrate judge observed that Defendant reported "it has been more than a year since Plaintiff's mail began being returned as undeliverable and not once during this time has Plaintiff filed or served a notice of change of address." (Doc. 29 at 4.) In addition, Defendant indicated that "on February 2, 2024, Plaintiff was served with written requests for discovery that were returned as unopened and undeliverable." (*Id.*) The magistrate judge also observed that the Court's mail was returned as undeliverable on June 5, 2023, as well as July 5, 2023. (*Id.*) The magistrate judge noted more than 63 days passed since the mail was first returned, but Plaintiff did not notify the Court of his

1

current address. (*Id.*) Thus, the magistrate judge found Plaintiff "fail[ed] to comply with the Local Rule" and recommended the Court dismiss the action for failure to prosecute. (*Id.* at 5.)

In finding dismissal terminating sanctions are appropriate, the magistrate judge considered the factors identified by the Ninth Circuit in *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). (Doc. 29 at 3, 5-8.) The magistrate judge determined "the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal." (*Id.* at 6, citing *In re Phenylpropanolamine (PPA) Products Liability Litig.* 460 F.3d 1217, 1226 (9th Cir. 2006), *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).) The magistrate judge also found a "presumption of prejudice to the defendant" that Plaintiff did not rebut given his lack of response to the motion. (*Id.*, citing *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).) The magistrate judge determined that "the prejudice to Defendant based on Plaintiff's failure to participate in this action threatens to interfere with the rightful decision in the case and therefore weighs in favor of dismissal." (*Id.* at 7.) Further, the magistrate judge found "Plaintiff had adequate warning that dismissal would result from his noncompliance," which satisfied the requirement that the Court consider lesser sanctions. (*Id.* at 8.) These factors outweighed the public policy in favor of deciding cases on the merits. (*Id.* at 7.) Thus, the magistrate judge recommended the Court grant the motion to dismiss. (*Id.* at 9.)

Plaintiff filed an opposition to the Findings and Recommendations, asserting that "he was being treated for mental health related issues at different mental health facilities, suffering from severe mental illnesses" during the time mail was returned as undeliverable. (Doc. 30 at 1.) Plaintiff contends that "he could not properly keep in compliance with the Court proceedings" due to his mental illness. (*Id.* at 2.) However, Plaintiff asserts that he "is now receiving the proper mental health medication and his mental health illness has stabilized." (*Id.*) He also contends he "has … on going medical treatment" to his hand. (*Id.*) He indicates that once released from custody, he would participate in discovery, including filing interrogatories and admissions. (*Id.*) Plaintiff requests the Court "excuse him for not keeping in compliance with the court proceedings." (*Id.*)

Defendant filed a response to the objections, asserting Plaintiff's statements were "vague and conclusory, at best." (Doc. 31 at 1.) Defendant notes "there are no specific assertions as to where he was, and when he began treatment, assuming such is true." (*Id.*) Further, Defendant observes that

despite Plaintiff's contention that "he could not comply with the local rules on keeping the Court apprised of his whereabouts, due to his mental illness, … on at least one least one occasion, Plaintiff filed a Notice of Change of Address – to the Department of State Hospitals in Napa, California." (*Id.* at 1-2, emphasis omitted.)  Defendant contends that Plaintiff "demonstrated his ability to comply with the local rules and has not sufficiently explained how this time was any different." (*Id.* at 2.)  Defendant argued "Plaintiff does not get to pick and choose when he will decide to litigate this case when it is most convenient for him," as such "would be prejudicial to Defendant's ability to defend against this case." (*Id.*)  Defendant maintains Plaintiff does not show good cause for his failures. (*Id.*)

Plaintiff filed additional objections—without leave of Court—asserting that "he was in Napa State Hospital for quite some time." (Doc. 32 at 1.)  He also reports that "once he was released from custody," he was taken to the hospital for mental health-related issues. (*Id.*)  Plaintiff maintains that he is now "stabilized on his medication" and the motion to dismiss should be denied. (*Id.*)

On February 27, 2025, the Court ordered Plaintiff to "file medical evidence in support of his objections—including any diagnoses, documentation identifying the specific dates when he received treatment, and the facilities where he received this care—within 21 days of the date of service." (Doc. 34 at 1, emphasis omitted.)  The Court informed the parties the submitted medical evidence would be considered "in conjunction with the objections." (*Id.*)  In addition, the Court informed Plaintiff that the "[f]ailure to comply with this order will result in the Court finding Plaintiff is unable to do so and adopting the recommendation for dismissal." (*Id.* at 2, emphasis omitted.)

In response, Plaintiff submitted three documents: (1) an inmate grievance form dated September 24, 2024, which related related to medical treatment for his hand and need for a wrap due to "severe carpal tunnel"; (2) a medical order dated October 4, 2024, indicating an order for a large ace wrist support sleeve; (3) the inmate grievance response, dated October 7, 2024, indicating Plaintiff was "provided with a wrist support sleeve from medical." (Doc. 35 at 3-4.)

Significantly, the medical records provided by Plaintiff do not meaningfully comply with the Court's order or support his objections.  Plaintiff does not identify *any* mental health diagnoses, when he received mental health treatment, or where.  The Court declines to speculate, as Plaintiff would have it, that he suffered from an impairment that rendered him unable to prosecute the matter, particularly in

light of the evidence submitted that documents only a diagnosis for carpal tunnel and its treatment.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter—including Plaintiff's objections and the evidence submitted to support his assertions— the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Plaintiff does not dispute that he failed to prosecute this action. Plaintiff also does not dispute the findings that the public interest and Court's need to manage its docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999); *Gonzales v. Mills,* 2011 WL 976713, at *5 (E.D. Cal. Mar. 16, 2011) (finding the Court's need to manage its docket favored terminating sanctions because this Court "has a significantly impacted docket… [that] is overly congested" and cases that are stalled by the litigant conduct "aggravate the situation"). Further, Plaintiff does not rebut the presumption of prejudice to Defendant as a result of his dilatory actions and failure to engage in discovery. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400-401 (9th Cir. 1998). Finally, as the magistrate judge observed, the Court warned Plaintiff that failure to comply with its order—including the obligation to keep the Court informed of his current mailing address—would result in dismissal, and this warning satisfies the requirement to consider lesser sanctions. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 133 (9th Cir. 1987). Dismissal is appropriate because at least three of the factors identified by the Ninth Circuit strongly support terminating sanctions. *Hernandez*, 138 F.3d at 339. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated September 3, 2024 (Doc. 29) are **ADOPTED** in full.
2. Defendant's motion to dismiss for lack of prosecution (Doc. 26) is **GRANTED**.
3. The action is **DISMISSED** with prejudice.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**March 26, 2025**__                                    _____
                                                                                    UNITED STATES DISTRICT JUDGE